(36 Misc. Rep. 463.)

## In re MAYOR, ETC., OF CITY OF NEW YORK.

### In re ST. NICHOLAS PARK.

(Supreme Court, Special Term, New York County.   December, 1901.)

PARKS—CONDEMNATION OF LAND—COMPENSATION—OBJECTIONS TO AWARD.

Under Laws 1894, c. 366, providing for condemnation of property for a park, the title not to vest in the city until the report of the commissioners is confirmed, where owners of land file objections to the report on the ground that they have not been awarded just compensation, and no action is taken by the city for two years after confirmation of the report as to all parties except them, and they remain in possession, they have not been guilty of such laches as will prevent the recommitment of the report to the commissioners to make a supplemental report awarding them compensation.

In the matter of the application of the mayor and commonalty of the city of New York to acquire lands for St. Nicholas Park.   Motion to send back report to commissioners.   Granted.

James A. Deering, for the motion.

John Whalen, Corp. Counsel (Charles D. Olendorf, of counsel), opposed.

LAWRENCE, J.   By chapter 366 of the Laws of 1894, the legislature laid out, appropriated, and set apart as and for a public park to be known and designated as "St. Nicholas Park" certain lands in the Twelfth ward of the city of New York, which lands are particularly described.   Among the lands thus set apart are two parcels on the westerly side of St. Nicholas avenue, which are designated on the commissioners' map of damage as parcels Nos. 35 and 46.   After the passage of said act, commissioners of appraisal were duly appointed thereunder, who, on the 17th day of August, 1899, made their first separate report, and filed the same in the office of the county clerk, and gave notice of such filing to the corporation counsel and to the various attorneys interested in the parcels embraced in said report as required by said act.   Said first separate report embraced 18 separate parcels of land, including parcel No. 35, owned by Mr. George, and parcel No. 46, owned by Mr. Paillard, the parties who now make this motion to send back the first separate report of the commissioners so far as it affects such parcels.   In May, 1899, the appellate division confirmed the report of commissioners of estimate in the proceeding to acquire title by the city to certain lands set apart for park purposes by chapter 56 of the Laws of 1894.   In that proceeding the commissioners reported that in making their awards they had valued the property as of the date of the appropriation, and had added to such value interest thereon to the time when the awards would become payable, and also the taxes and assessments imposed upon the property since the time of the appropriation, together with the interest thereon from the time they were paid or became liens on the property to the date when the awards should become payable, and that from such sum they had deducted the value of

the use and occupation between the time of the appropriation and the date when the award should become payable. It was held by the appellate division that the rule thus laid down and followed by the commissioners was the correct rule. See In re Mayor of City of New York, 40 App. Div. 281, 58 N. Y. Supp. 58. See, also, In re Riverside Park, 59 App. Div. 603, 69 N. Y. Supp. 742. It is claimed that the commissioners in this proceeding in making their first separate report followed the rule which was approved by the appellate division in the above case. The commissioners reported upon 18 separate parcels of land, including parcels 35 and 46. Upon the trial of the proceeding the persons making this motion appeared, and were heard by counsel. On or about the 23d of October, 1899, notice was given on behalf of all of the owners mentioned in the first separate report, with the exception of George and Paillard, that said report would be presented to this court for confirmation on the 9th day of November, 1899, and notice was served on these parties that such application would be made. This action on the part of the property owners was taken under section 4 of chapter 366 of the Laws of 1894, and, the motion having come on to be heard, the said report was confirmed as to all of the parcels embraced therein, with the exception of the two parcels owned by Messrs. George and Paillard. The city did not appeal from said order, and the awards confirmed thereby were long since paid. By section 4 of chapter 366 of the Laws of 1894, under which these proceedings were taken, the title to the premises to be acquired under the act does not vest in the city until confirmation of the report of the commissioners, and it is stated that during the entire pendency of the proceeding the owners of the property have been in the possession and enjoyment thereof, and the city has not been able to proceed with the work of laying out and opening the park to the public. It is contended upon the part of the city that Messrs. George and Paillard could have applied to the court for the relief now asked at any time subsequent to the expiration of ten days from the date of the filing of said report in the county clerk's office, to wit, August 17, 1899, and that, as they have permitted more than two years to expire since the filing of the report, if the motions were to be granted the result would be to charge the city for more than two years' interest on the awards, together with all taxes and assessments imposed upon the property since the making of said report. It is therefore argued that the parties making this motion have been guilty of laches, which should preclude the court from affording them any relief. This argument is answered by the counsel for the moving parties by saying that it was the duty of the corporation counsel, if the city desired to acquire title at the time mentioned in the report, to have moved to confirm it, citing section 4, c. 366, Laws 1894, under which, as heretofore stated, this proceeding is taken. Such motion has never been made by the counsel for the city, and, as already stated, the report was confirmed, except as to the two parcels in question, upon the motion of the owners of the property proposed to be taken. It is further urged in reply to the contention that Messrs. George and Paillard have

been guilty of laches that, as they had filed exceptions to the report, they were under no obligation to move to confirm it, and that, if the owners are not satisfied with the award, they are not bound to move to confirm the report, and that the only way they can obtain adequate compensation is to oppose the confirmation of the report, and ask that the same be sent back to the commissioners to revise and correct. In the exceptions filed the owners excepted to the report on the ground that it was defective, in that it did not state the several items of compensation determined upon in making up the total award; second, that the just compensation to which the owners are entitled under the act appropriating the land has not been allowed; third, that the commissioners did not allow the value of said premises as of the date of the passage of the act (chapter 366, Laws 1894), with interest thereon from that day to the date when the award will be due and payable, and taxes and assessments since that date; fourth, that the award is grossly unjust and inadequate.

It seems to me that the answer made to the position assumed by the corporation counsel is valid, and that if, for any reason, the report in question did not award to the parties making this motion the just compensation to which they were entitled for property proposed to be taken in accordance with the principles enunciated in Re Mayor of City of New York, 40 App. Div. 281, 58 N. Y. Supp. 58, before referred to, it is the duty of the court to refer the matter back. If the city had desired to obtain a confirmation of the report, it was the duty of its officer under the statute in question to move for its confirmation; but upon the papers before me it appears no such motion was ever made, the only motion for the confirmation of the report emanating from other property owners than those now before the court. The owners making this motion were certainly not in a position to move to confirm the report, because they had excepted to its provisions; and they were justified, it seems to me, in remaining passive until some action was taken by the city for the confirmation of the report.

If this view is sound, the question remains whether the commissioners should not be required now to make a supplemental report allowing to these owners the value of the land as of the date of the appropriation, together with interest thereon to the time when the award should be paid, and also the taxes and assessments imposed since the time of such appropriation, together with interest thereon from the time when they were paid or became liens upon the property to the date when the award should be paid, deducting from this sum the value of the use and occupation between the time of the appropriation and the date when the award should be paid, and stating particularly the deduction for use and occupation of vacant building lots yielding no revenue, in accordance with the decision in Re Mayor of City of New York, 40 App. Div. 281, 58 N. Y. Supp. 58, and Re Riverside Park, 59 App. Div. 603, 69 N. Y. Supp. 742. I think this question must be answered in the affirmative, and that the report of the commissioners should be sent back to the commissioners for that purpose. Draw order accordingly.

Ordered accordingly.